**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40855
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO RAMIREZ-PEREZ,

Defendant-Appellant.

---

Consolidated with
No. 04-40909

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO RODRIGUEZ-PINON,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:02-M-714
USDC No. 1:04-CR-137-ALL
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rolando Rodriguez-Pinon, also known as Rodolfo Ramirez-Perez (Ramirez) was convicted in 2002 of unlawfully being present in the United States. He was sentenced to six months of imprisonment and was placed on three years of probation with the condition that he not reenter the United States illegally. In 2004, he pleaded guilty to unlawful reentry in violation of 18 U.S.C. § 1326(a), (b). The Government also sought to revoke his probation.

At sentencing, Ramirez's counsel informed the district court that Ramirez wanted to represent himself. The district court made no inquiry as to the request and proceeded to conduct the sentencing hearing. Immediately after sentencing Ramirez for his unlawful reentry, the district court conducted a probation revocation hearing. Ramirez contends on appeal that the district court denied him his Sixth Amendment right to represent himself during the sentencing and probation revocation proceedings. The Government counters that, by failing to renew his request and by allowing his counsel to represent him in the sentencing and revocation hearings, Ramirez waived his right to represent himself.

As a threshold matter, we hold that, although Ramirez had a Sixth Amendment right to represent himself at sentencing, see United States v. Davis, 285 F.3d 378, 384 (5th Cir. 2002), he had no such right with respect to the probation revocation

proceeding.  See <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 781 (1973); <u>Loud v. Estelle</u>, 556 F.2d 1326, 1329 (5th Cir. 1977).

We next hold that Ramirez was denied the right to represent himself at sentencing.  Ramirez's counsel clearly and unequivocally informed the district court that Ramirez wished to represent himself.  See <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975).  Accordingly, we VACATE the sentence imposed for unlawful reentry (Appeal No. 04-40909) and REMAND for a new sentencing hearing at which the district court should conduct a hearing pursuant to <u>Faretta</u> in order to determine whether Ramirez's waiver of his right to counsel is knowing and intelligent, employing the analysis set forth in <u>United States v. Davis</u>, 269 F.3d 514, 518-20 (5th Cir. 2001).

We AFFIRM the judgment revoking Ramirez's probation (Appeal No. 04-40855).

In light of the remand for resentencing, we do not reach Ramirez's claim that, pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), his sentence violated the Sixth Amendment.

SENTENCE VACATED AND CASE REMANDED (No. 04-40909); AFFIRMED (No. 04-40855).