# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2008

Charles R. Fulbruge III
Clerk

No. 06-10940

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BENJAMIN LUCERO CANO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

A jury convicted Benjamin Cano of conspiracy to possess with intent to distribute and possession with intent to distribute five kilograms or more of cocaine. Cano appeals the denial of his pre-trial motion to suppress evidence and his post-trial motion to proceed pro se at sentencing. We affirm the conviction, vacate the sentence, and remand for re-sentencing.

I.

On January 20, 2006, James Laird, a deputy sheriff with the Taylor County Sheriff's Department, stopped a car driven by Cano. As Laird approached the car, he noticed that Cano appeared extremely nervous. He asked Cano for his driver's license and Social Security card. After making another note of Cano's behavior, Laird asked about the ownership of the car. Cano told Laird the car had been borrowed from a friend. When asked the name of the friend, Cano said the car belonged to his girlfriend's friend, whom he could not identify. Laird also inquired into Cano's arrest history; Cano replied that he had been arrested for assault but not for drugs or weapons.

Laird asked Cano to step out of the car so he could run a vehicle registration check and assess the true ownership. Meanwhile, Deputy Robert Ramirez, whom Laird had summoned, arrived and began a casual conversation with Cano. When Laird ran the license plate check, he discovered that the car was registered to a Khrista Hungerford of Nogales, Arizona. The insurance papers Cano provided were also suspicious. Particularly, the policy period was longer than the usual one-year term, and the policy was taken out on January 9, 2005, but was signed as effective on January 9, 2006. Finally, the policy, purchased from an El Paso insurance company, insured someone named German Martinez Gonzalez of Rosario, Nogales, Sonora, Mexico. Laird's criminal history check showed Cano had an extensive criminal record, including assaults (as he had admitted), and aggravated assault, robbery, and drug charges.

After running the above checks, Laird approached Cano and again asked whether he had borrowed the vehicle. Cano said yes. When asked where he and his girlfriend lived, Cano replied "California" but that he had not driven the car from there but had picked it up in Arizona while visiting family who he claimed lived in Texas.

Laird's suspicions led him to believe Cano might be transporting narcotics. After returning the drivers license and Social Security card, Laird asked Cano whether there was anything illegal in the car; Cano said no. Laird then asked whether he could search the vehicle, to which Cano consented. After noticing a few peculiarities in the car's interior, Laird called for a police drug dog, which identified drugs in the front driver's side fender well. The search disclosed a compartment containing cocaine.

Cano was arrested and charged. While represented by counsel, he filed a motion to proceed pro se, requesting to act as lead counsel while his attorney served as co-counsel. The district court held a hearing on the motion and told Cano that it would not allow the hybrid representation. Cano informed the court that he could not act as solo lead counsel, because he did not have access to a law library. The district court denied the motion for hybrid representation.

Cano moved to suppress evidence, arguing that the police ignored him and continued to search the car after he revoked his consent. Following a hearing, the court denied the motion.

A jury convicted Cano. Before sentencing, he filed a pro se notice of appeal that we dismissed as premature. United States v. Cano, No. 06-10528 (5th Cir. June 6, 2006). Cano then moved for judgment of acquittal and to proceed pro se at sentencing and on appeal. The district court summarily dismissed the motions and sentenced Cano, and a magistrate judge appointed counsel to represent him on appeal.

## II.

"When reviewing a district court's ruling on a motion to suppress, this court reviews questions of law de novo and factual findings for clear error." United States v. Barrera, 464 F.3d 496, 498 (5th Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 2247 (2007). We review only those arguments that were

specifically raised at the pre-trial suppression hearings  United States v. Pope, 467 F.3d 912, 918-19 (5th Cir. 2006).   Arguments not raised are waived.  Id.

Cano concedes that the initial stop of the vehicle was legal but urges that the officers had no justification to detain him beyond that initial stop.  On appeal, he argues that that illegal detention rendered his consent to search involuntary.  At the suppression hearing, however, he did not challenge the effectiveness of his consent, but its scope.[1]  Those are separate arguments, so the issue is waived, and the judgment of conviction stands.

## III.

Cano contends the district court erred by denying his pre-sentencing motion to proceed pro se.  He claims that he unequivocally stated his desire to forego representation and proceed pro se eighteen days before sentencing and that in so doing he did not seek to continue the sentencing or otherwise disturb the sentencing process.  The government does not dispute that the district court erred and recommends the sentence be vacated and the case remanded for resentencing.

Defendants have a constitutional right to represent themselves in federal court.  Faretta v. California, 422 U.S. 806, 815-21 (1975).  That right extends to sentencing proceedings.  See United States v. Davis, 285 F.3d 378, 385 (5th Cir. 2002).  We review de novo the constitutional permissibility of Cano's attempt to represent himself de novo.  United States v. Virgil, 444 F.3d 447, 452 (5th Cir.), cert. denied, 127 S. Ct. 365 (2006).  An impermissible denial of self-representation "cannot be harmless."  McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984).

---

[1] At the hearing, Cano framed his suppression argument as follows:  "We are not disputing the lawfulness of the stop.  We are not disputing the fact that Mr. Cano, in fact, gave the officers consent initial to search the vehicle.  The issue before the Court is whether or not these officers went beyond the scope of his consent."

To exercise the right, a defendant must "'knowingly and intelligently' forego counsel, and the request to proceed pro se must be 'clear and unequivocal.'" United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (citation omitted). At a so-called Faretta hearing, the trial court, before granting the request, "must caution the defendant about the dangers of such a course of action so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Id. (quoting Faretta, 422 U.S. at 835). Nevertheless, a defendant may waive the right through subsequent conduct indicating an abandonment of the request. See McKaskle, 465 U.S. at 182 (1984); Brown v. Wainwright, 665 F.2d 607, 611 (Former 5th Cir. 1982) (en banc).

In sum, assertion of the right proceeds in two steps. First, the defendant must unequivocally inform the court of the desire to represent himself. Second, the court must hold a Faretta hearing to determine whether the defendant is "knowingly and intelligently" forgoing his right to appointed counsel and whether, by post-invocation action, he has waived the request.

In his initial motion, Cano sought to engage in hybrid representation whereby he and his attorney would act as co-counsel. There is no constitutional right to such form of representation, McKaskle, 465 U.S. at 182, and Cano retreated from that request during the hearing on the motion. Because he lacked access to a law library and could not represent himself, he accepted representation.

In his second motion, Cano no longer sought hybrid representation but asked the court to relieve or dismiss his counsel and allow him to represent himself, stating that his attorney had not consulted with him and that he wanted to "invoke his Constitutional Right to Self-Representation as to the matters before the court." He therefore satisfied the requirement set out in Martin that the right to self-representation be clearly and unequivocally asserted. See Martin, 790 F.2d at 1218.

At issue is whether, in light of the new request, the district court was obligated to hold a hearing on Cano's motion. This is an issue of first impression in our circuit. Both parties argue that the failure to hold a hearing constitutes error. Although we agree, we note that we are not bound by concessions of this nature. United States v. Vargas-Garcia, 434 F.3d 345, 348 (5th Cir. 2005).

The government relies on United States v. Ramirez-Perez, 132 Fed. App'x 558, 559 (5th Cir. 2005), in support of the contention that it was error to deny Cano's request without a hearing. Although that unpublished case is not binding, it demonstrates the general tenor of our jurisprudence. There, the defendant pleaded guilty of illegally reentering the United States while on supervised release for being unlawfully present in the United States. On the morning of sentencing, his counsel informed the court that his client wished to proceed pro se. The court conducted the sentencing hearing without inquiring into the self-representation request and immediately thereafter held a probation revocation hearing on defendant's prior case. Id. We held that the right to self-representation was violated and rejected the government's contention that defendant had waived his right when he failed to renew his motion and by allowing counsel to represent him in the sentencing and revocation proceedings. Id. The case stands for the proposition that a summary dismissal of a motion to proceed pro se is error.

This reading comports without our requirements for the second step in the assertion of the right, the Faretta hearing. In Martin, 790 F.2d at 1218, we articulated a list of factors to be considered in determining whether a defendant's motion has been "knowingly and intelligently" made:

> The court must consider the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the

practical meaning of the right he is waiving.

(Citations omitted.) These factors indicate that the district court must conduct a meaningful investigation into a defendant's constitutionally protected request to represent himself; summary dismissal is insufficient.

"Where a fundamental constitutional right, such as the right to counsel, is concerned, courts indulge every reasonable presumption against waiver." Burton v. Collins, 937 F.2d 131, 133 (5th Cir. 1991). The record does not indicate that Cano waived his right to self-representation.

After the district court imposed its sentence, Cano filed pro se a timely notice of appeal that included a request for transcripts for the appeal. The district court denied that request because Cano had a retained attorneySSthe same counsel Cano had attempted to relieve of his dutySSand because Cano had not requested leave to file in forma pauperis ("IFP"). Cano thereafter moved to proceed IFP on appeal. The case was referred to a magistrate judge, who granted the IFP application and appointed substitute counsel for appeal. Cano effectively asserted his right to self-representation, so the failure to hold a Faretta hearing on the issue was error, and Cano did not waive the request by subsequent conduct. See United States v. Thomas, No. 06-20019, 2008 U.S. App. LEXIS 744 (5th Cir. Jan. 14, 2008) (per curiam) (unpublished).

Accordingly, we AFFIRM the conviction, VACATE the sentence, and REMAND for re-sentencing after a Faretta hearing.