# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

Charles R. Fulbruge III
Clerk

No. 09-50142

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERTO ESPINOZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-646

Before DeMOSS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court properly denied Defendant-Appellant Roberto Espinoza's request to represent himself under the Sixth Amendment. We find that Espinoza did not clearly and unequivocally waive his right to counsel. Furthermore, he engaged in obstructionist conduct—namely, his refusal to answer the district court's questions about his desire to proceed *pro se*. Accordingly, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50142

I.

The relevant facts are undisputed. In October 2005, a grand jury indicted Espinoza with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). At a suppression hearing on August 21, 2007, Espinoza's attorney informed the district court that Espinoza wished to proceed *pro se*. In response, the court scheduled a hearing for the next day and instructed Espinoza's counsel to advise him regarding the waiver of counsel.

At that hearing, Espinoza's counsel assured the court that he had advised Espinoza about the "pros and cons" of self-representation and his constitutional right to do so and that Espinoza still wanted to represent himself. However, when the court attempted to verify this with Espinoza, he responded with a series of non-responsive questions: (1) "What is your name?" (2) Do you have a claim against me?" (3) "Do you know anyone who has a claim against me?" (4) "Is there anyone present to press the claim against me in any alleged name other than their own?" Espinoza then asked the court to place any person present "with a claim against him" under oath "to testify as to the damage and the claim." When the court denied the request, Espinoza demanded that the court immediately "release the order of the court" to him. The court patiently responded to each statement, indicating that it did not understand some of the requests. The court also offered to research the issue if Espinoza submitted the request in writing in either English or Spanish. Espinoza responded with the same requests for testimony or an order. Each attempt to determine whether Espinoza wanted to represent himself was met with similar non-responsive statements. At the conclusion of the hearing, the court scheduled another hearing for October 9, 2007.

At that second hearing, Espinoza's counsel reiterated his client's request for self-representation. When the court attempted to verify that request,

2

No. 09-50142

Espinoza replied with the same non-responsive statements that he had given at the prior hearing. He also asked the court to place the federal prosecutor under oath "to testify as to the damage in the claim." The court denied the request and explained that, if Espinoza continued with the obstructionist behavior, Espinoza's counsel would proceed at the suppression hearing that was scheduled for the next day.

Espinoza did not request self-representation at the suppression hearing. However, he repeated his previous requests for anyone with a "claim against him," including the prosecutor, to be placed under oath and made to testify. The court denied the request.

On October 24, 2007, Espinoza filed a "Notice of Waiver of Counsel and Entry of Appearance as *Pro Se* Defendant." This document, signed by Espinoza, states that he wishes to represent himself, but it provides no factual support for his conclusory statements that his waiver is knowingly and intelligently made. Problems arose the next day when the court attempted to confirm that the written waiver was knowing and intelligent. The court asked Espinoza if he had prepared the notice of waiver or if he had someone prepare it for him. Espinoza responded, "Is there anyone present to press the claim against me in any alleged name other than their own?" The court then asked, "Mr. Espinoza, let me ask you one other time, do you wish to represent yourself." Espinoza replied, "I request the order of the Court be released to me immediately." The court repeated the question and received the same response. Faced with these responses, the court questioned Espinoza's competency and expressed concern about relying on the notice of waiver. Accordingly, the court ordered a competency exam, which concluded that Espinoza was competent to stand trial.

Months after the exam, Espinoza sent a *pro se* letter to the court. The letter contained the court's scheduling order with handwritten notes scribbled all over it, such as "Accepted for value"; "This property is exempt from levy"; and

No. 09-50142

"Please adjust this account, the proceeds, products, accounts and fixtures, and release the order(s) of the court to me immediately." Espinoza also wrote his "employer ID #." There is no discernable connection between the handwriting and the order.

At the pre-trial conference on September 10, 2008, the court noted the result of the competency exam and asked Espinoza if he still wished to represent himself. Once again, Espinoza responded, "Is there anyone present to press a claim against me in any alleged name other than their own?" At that point, the court concluded that it was unable to determine whether Espinoza could actually represent himself. Therefore, it denied the request for self-representation and ordered Espinoza's counsel to proceed.

The bench trial lasted one day. At Espinoza's request and with the court's permission, his attorney asked the government's witnesses only four questions: (1) "What is your name?" (2) "Do you have a claim against Mr. Espinoza?" (3) "Do you know anyone who does have a claim against Mr. Espinoza?" (4) "Is there anyone present that you know of to press any claim against Mr. Espinoza and in any name, any alleged name, other than his own." The court found Espinoza guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and sentenced him to a 51-month term of imprisonment to be followed by three years of supervised release. Espinoza timely appealed.

## II.

We review a properly preserved Sixth Amendment challenge relating to the right of self-representation de novo. *United States v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005) (citation omitted). In *Faretta v. California*, the Supreme Court held that a criminal defendant has a right to represent himself, provided that the accused "knowingly and intelligently" waives the right to be represented by counsel. 422 U.S. 806, 835 (1975) (citations and internal quotation marks

4

omitted). Such a waiver must be "clear and unequivocal," a requirement that this circuit has strictly construed. *Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991) (citations omitted). "Where a fundamental constitutional right, such as the right to counsel, is concerned, courts indulge every reasonable presumption against waiver." *Id.* (citation omitted). "An impermissible denial of self-representation cannot be harmless." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (citation and internal quotation marks omitted).

To invoke the right, the defendant must first unequivocally inform the court that he wishes to represent himself. *Id.* Then the court must hold a hearing to determine whether the waiver was "knowing and intelligent." *Id.* (internal quotation marks omitted). At the hearing, the court must also determine if the defendant had waived the request through subsequent conduct, such as obstructionist behavior. *See id.*; *United States v. Long*, —F.3d—, 2010 WL 569653, at *5 (5th Cir. 2010) (citations omitted).

## III.

The case boils down to this: On the one hand, Espinoza, through his attorney, filed a notice of waiver that was unequivocal. His attorney assured the district court that he had advised Espinoza about self-representation and that Espinoza insisted on self-representation. A competency exam revealed that Espinoza was competent to stand trial. On the other hand, the notice of waiver lacked any meaningful explanation or facts that would show Espinoza truly understood the consequences of self-representation. Moreover, throughout three hearings, Espinoza refused to answer the district court's simple questions seeking to confirm his desire for self-representation. The district court patiently asked the question numerous times and even offered to communicate with Espinoza in Spanish. In each instance, Espinoza's response was non-responsive. On top of this, while the request was pending, Espinoza sent the district court a *pro se* letter with nonsensical handwriting on the scheduling order.

No. 09-50142

Under these circumstances, we have no difficulty holding that the district court properly denied the request for self-representation. Given the stark contrast between what Espinoza purportedly conveyed through his attorney (the notice of waiver and his attorney's in-court assurances) and what he directly conveyed to the district court (his in-court statements and *pro se* letter) the district court questioned whether something was amiss, and rightfully so. The district court's persistent and patient attempts to resolve this conflict, which included three hearings and a competency exam, are commendable. Espinoza's responses to the district court's diligent efforts provided ample reason to question whether Espinoza sincerely sought self-representation. *See id.* at *5 ("Given his uncooperative and non-responsive nature, we believe that Long's prior comments [about firing his attorney] are unclear and equivocal."). Espinoza's conduct also provided ample cause for concern that he would be obstructionist if granted the right to represent himself.[1] *See id.* at *5-6, 8 (holding that Long's refusal to answer the judge's questions with nothing more than "nonsensical statement[s]" constituted obstructionist behavior that waived the right to self-representation). In sum, the district court properly denied Espinoza's request to proceed *pro se.*

    AFFIRMED.

---

[1] Espinoza argues that his behavior cannot be obstructionist because the district court later permitted his attorney to ask the very same questions to the government's witnesses that Espinoza had posed to the district court. This misses the point. By responding to the district court's simple questions with non-responsive statements, Espinoza, in effect, refused to answer the district court's questions, which merely sought to confirm his request for self-representation. Put differently,  Espinoza's refusal to cooperate with the district court was obstructionist, not the questions themselves. While he may be entitled to ask these question on cross examination, using these questions to dodge the district court's inquiries was improper.