# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2011

Lyle W. Cayce
Clerk

No. 09-20724
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL LOPEZ, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-187-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joel Lopez, Sr., was convicted of conspiracy to commit kidnaping (count 1) and aiding and abetting the use of interstate facilities in the murder for hire of Blanca Lopez (count 3). He was sentenced to life imprisonment and five years of supervised release on count 1 and 120 months of imprisonment and three years of supervised release on count 3, to be served concurrently.

Proceeding pro se, Lopez argues that his Sixth Amendment right to be represented by counsel at his initial appearance was violated because he was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

represented by counsel at the initial appearance and because he did not waive his right to counsel.  He further contends that because he was denied his right to counsel at his initial appearance, the district court lacked jurisdiction over the criminal proceedings for the remainder of his case.  However, under the particular facts of this case, the events occurring the initial appearance at issue did not amount to a critical stage in the proceedings, and thus Lopez was not entitled to counsel at that time.  *See Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 212-13 & n.16 (2008).  During subsequent continued proceedings, Lopez knowingly and voluntarily waived his right to counsel.  *See United States v. Cano,* 519 F.3d 512, 516 (5th Cir. 2008).  Accordingly, the district court did not lose jurisdiction over the case due to an invalid waiver of Lopez's right to counsel. *See Johnson v. Zerbst*, 304 U.S. 458, 467 (1938).

Lopez conversely argues that his right to represent himself was subsequently denied because his appointed standby counsel intruded on that right and because the district court acquiesced in this intrusion by allowing his standby counsel to approve a Government motion for a continuance without his approval. However, the record does not support this argument.

Lopez argues that his right to a speedy trial was denied because his trial took place seven days beyond the time permitted by the Speedy Trial Act.  In support of this assertion, Lopez contends that (1) the Government submitted an unnecessary motion for a *Faretta v. California*, 422 U.S. 806 (1975), hearing despite the fact that Lopez had already waived his right to counsel in accordance with *Faretta* in a prior hearing; (2) the court consented to then-co-defendant Aracely Lopez-Gonzalez's motion for a continuance due to her counsel's conflicting trial schedule; (3) the district court granted the Government a continuance based on counsel for the Government's vacation plans; (4) the Government obtained a continuance due to its difficulty in securing the travel plans of witnesses for trial dates including an intervening federal holiday; and (5) the court improperly granted a four-and-a-half month delay to allow his

standby counsel, who had since become lead counsel, to become familiar with Lopez's case.  However, Lopez's first, third, and fourth asserted delays did not affect the running of the speedy trial clock because the clock had already stopped running due to other excludable delays, and Lopez has not shown that the remaining two asserted delays were not granted based on the ends of justice; therefore Lopez has not demonstrated any violation of the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h); *United States v. Bermea*, 30 F.3d 1539, 1568 (5th Cir. 1994). Accordingly, Lopez has not shown that the district court committed clear error in its Speedy Trial Act rulings.  *See United States v. McNealy*, 625 F.3d 858, 862 (5th Cir. 2010).

Lopez argues that the district court erred in admitting statements made by Lopez-Gonzalez and by Rudy Martinez because they were hearsay that did not fall within the hearsay exception for coconspirators found in Federal Rule of Evidence 801(d)(2)(E).   Lopez also argues that certain wiretapped communications were improperly admitted at trial because there is no indication in the record that the wiretaps were properly authorized or that Martinez or Lopez-Gonzalez consented to the wiretaps.  Additionally, Lopez contends that the district court prevented him from raising a police fabrication defense when it refused to serve his pro se subpoena duces tecum for an expert witness. However, Lopez has not provided proper statements of the facts relevant to these issues, nor has he cited the relevant portions of the record on which he relies. *See* FED. R. APP. P. 28(a)(7), (9)(A).   Although pro se briefs are liberally construed, pro se parties must still brief the issues and reasonably comply with the standard for appellate briefs set forth in Rule 28.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  Because Lopez has not properly briefed these issues, he has abandoned them.  *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

Lopez contends that the Government knowingly used or failed to correct false testimony by Government witness Martinez and by FBI Agent Scott Payne.

However, Lopez has not demonstrated that the Government actually knew that any of the cited testimony was false. *See Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *Napue v. Illinois*, 360 U.S. 264, 265, 269 (1959).

Lopez argues that the district court violated the Double Jeopardy Clause and acted fraudulently by acting in a manner not authorized by Congress when it imposed "consecutive" special assessments for each of his counts of conviction because his sentence was "purely concurrent." However, because Lopez was sentenced for the separate and distinct offenses of conspiracy to commit kidnaping and the use of interstate facilities to commit a murder for hire and because Lopez does not explain how or why those two offenses should be considered to constitute the same offense, there was no Double Jeopardy Clause violation. *See United States v. Ogba*, 526 F.3d 214, 232-33, 237-38 (5th Cir. 2008).

Lopez also argues that the district court erred in failing to strike Martinez's testimony after Martinez invoked his Fifth Amendment right against self-incrimination. However, because Martinez answered Lopez's question after Martinez invoked his right against self-incrimination, Martinez's testimony need not have been stricken because Lopez's inquiry was not limited in any way by the invocation, nor did the invocation create a substantial danger of prejudice. *See United States v. Diecidue*, 603 F.2d 535, 552 (5th Cir. 1979).

Lopez argues that he was entitled to a mistrial because Martinez's testimony about Lopez's plan to murder United States District Court Judge Hinojosa was prejudicial. Lopez did not move for a mistrial on this basis in the district court, and thus the district court's failure to sua sponte grant a mistrial is reviewed for plain error only. *United States v. McCall*, 553 F.3d 821, 826 (5th Cir. 2008). Because the evidence was otherwise sufficient to support Lopez's conviction, there is no indication in the record that the testimony at issue had a substantial impact on the jury's verdict, and thus there is no indication that

the district court committed plain error in not sua sponte declaring a mistrial. *See id.*

Lopez argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose its notes and reports concerning its interviews with co-conspirator Lopez-Gonzalez after she pleaded guilty. However, Lopez has not demonstrated that such notes or reports existed. Accordingly, Lopez has not shown that the Government withheld any favorable evidence in violation of *Brady*. *See United States v. Moore*, 452 F.3d 382, 387 (5th Cir. 2006).

Finally, Lopez argues that this court should dismiss his indictment because the Government knowingly sponsored perjured Grand Jury testimony concerning the conspiracy to assassinate Judge Hinojosa. However, Lopez has not demonstrated the existence of any perjured testimony, and thus his argument lacks merit. *See United States v. Strouse*, 286 F.3d 767, 768 (5th Cir. 2002).

AFFIRMED; MOTION FOR WRIT OF MANDAMUS DENIED.