# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2011

Lyle W. Cayce
Clerk

No. 10-41033
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELTON A. GUTURA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-35-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Elton A. Gutura pleaded guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. His plea agreement contained an appellate waiver wherein he waived his right to appeal or to attack collaterally his conviction and sentence, with the exception of (1) any punishment that exceeded the statutory maximum and (2) a claim of ineffective assistance of counsel that affected that validity of the waiver or the plea itself.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gutura now argues that his guilty plea was invalid because there was an insufficient factual basis in support of his plea.  He specifically asserts that he made statements at sentencing indicating that he lacked the requisite intent for the offense of conviction.  Gutura alleges that his assertions of innocence at sentencing entitle him to a reversal of his conviction and an opportunity to withdraw his guilty plea.

Although Gutura ostensibly contends that the factual basis was insufficient to support his plea, he provides no argument in this regard.  He does not identify the elements of the offense of conviction, assert that the factual basis that appears in the record is not specific enough to allow the court to determine whether his conduct violated the statute of conviction, or address the legal sufficiency of the facts to which he admitted.  *See United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006); *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001).

To the extent that Gutura does contest the sufficiency of the factual basis, a claim that we may consider despite the appeal waiver, *see United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008), he has not shown that the district court plainly erred in finding that the factual basis was sufficient to support his plea.  *See Castro-Trevino*, 464 F.3d at 540 (applying plain-error review to a challenge to sufficiency of a factual basis that defendant raised for first time on appeal).  The factual basis appears in the record and was sufficiently specific to allow the district court to determine that Gutura's conduct was within the ambit of the charged offense.  *See United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005).  Gutura pleaded guilty to an indictment that set forth the requisite elements of the offense, *see Hildenbrand*, 527 F.3d at 474-75 (noting that an indictment, if sufficiently specific, can serve as the sole source of the factual basis for a guilty plea), and, inter alia, admitted to a statement of facts that correctly encompassed the necessary components of the offense of conviction.

To the extent that Gutura's argument regarding the factual basis alleges that his statements at sentencing effectively constituted a motion to withdraw his guilty plea, he has not sufficiently briefed this issue. He specifically does not address the factors that we have articulated to determine whether a district court should grant a motion to withdraw a guilty plea. *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Moreover, the record demonstrates that Gutura intentionally relinquished any right to seek withdrawal of his plea; in response to a question from the court, he explicitly stated at sentencing that he had no interest in withdrawing his plea. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (noting that the waiver doctrine applies only when a defendant knows of a particular right and consciously chooses to forgo it). In any event, because Gutura has failed to brief any argument regarding whether he was entitled to withdraw his guilty plea, he has not alleged any basis upon which his conviction should be reversed. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

Gutura also asserts that the district court disregarded his requests for self-representation and improperly failed to conduct a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). He contends that the district court's failure to consider his multiple demands to represent himself resulted in the imposition of a more severe sentence because his appointed counsel performed contrary to Gutura's interests. The Government asserts that the instant argument is barred by the appeal waiver in Gutura's plea agreement.

We pretermit deciding whether Gutura's argument is barred by the appeal waiver, which does not implicate our jurisdiction, because his claim is resolvable on the merits. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006). To exercise the right to self-representation, a defendant must knowingly and intelligently forgo counsel, and the request to proceed pro se must be "clear and unequivocal." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (citation and internal quotation marks omitted); *see also United States v. Long*, 597 F.3d

720, 725 (5th Cir. 2010)(defendant's "unclear and equivocal" requests to represent himself did not support a claim that defendant was denied his right of self-representation). A defendant may waive his right to self-representation through subsequent conduct indicating an abandonment of the request. *Cano*, 519 F.3d at 516. We review de novo the denial of a defendant's requests to represent himself. *See United States v. Virgil*, 444 F.3d 447, 452 (5th Cir. 2006).

The record does not demonstrate that Gutura clearly and unequivocally invoked his right to self-representation or that he maintained any such request throughout the proceedings. *See Cano*, 519 F.3d at 516. Instead, the record shows that Gutura equivocated about whether he desired to represent himself. He communicated that he primarily sought to substitute his counsel rather than proceeding pro se and, even after he expressed an interest in self-representation, he allowed his appointed counsel to continue filing pleadings for him. Moreover, when presented with the opportunity at sentencing to address directly whether he wished to represent himself, Gutura did not request permission to proceed pro se; Gutura instead clarified the basis for his displeasure with his appointed counsel and agreed to the court's proposal that he be allowed to supplement appointed counsel's sentencing arguments. Having acquiesced without protest in the district court's proposed procedure for handling his concerns about his attorney's representations at sentencing, he cannot now claim that he was deprived of his right of self-representation. *See id.*

AFFIRMED.