# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 10-50342
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDLE JACKSON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-168-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Randle Jackson, III, entered a conditional guilty plea to being a felon in possession of a firearm and a felon in possession of ammunition, reserving his right to appeal the district court's denial of motions to suppress evidence and for a transfer to a facility with a law library.

Police officers investigating a reported shooting stopped a vehicle driven by Jackson and arrested him for aggravated assault. After Jackson and his passengers were removed from the car and secured, officers searched the car and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found a firearm.  The ammunition forming the basis of the second count was found on Jackson's person.

Jackson argues that the warrantless search of his car violated the Fourth Amendment because the police lacked probable cause to arrest him and, assuming the arrest was lawful, it was unreasonable to assume that the vehicle contained evidence related to the arrest.  The Government asserts that Jackson failed to preserve the issue of the legality of his arrest for appeal because he did not raise it in his district court motion to suppress.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the Government.  *United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006).  Conclusions of law are reviewed de novo.  *Id.* We have held that specific suppression arguments not raised in the district court are waived, but in other cases we have reviewed such arguments for plain error.  *See United States v. Cano*, 519 F.3d 512, 515 (5th Cir. 2008) (finding waiver); *United States v. Pope*, 467 F.3d 912, 917-20 & n.20 (5th Cir. 2006) (alternatively reviewing for plain error).

Even if we review the validity of his arrest for plain error, we conclude that the police had ample probable cause to arrest Jackson based upon the victim's description of the assailant and his car, the bullet hole in the victim's car, and the officers' prior knowledge of Jackson.  *See United States v. Nunez-Sanchez*, 478 F.3d 663, 666-67 (5th Cir. 2007).  In addition, the search of the vehicle was proper because under the facts of this case it was reasonable for the officers to believe that the car might hold evidence related to the recent shooting.  *See Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 1721 (2009).

Finally, Jackson argues that the district court's refusal to order that he be transferred to a facility with a law library violated his Sixth Amendment right of self representation and that 18 U.S.C. § 922(g) does not require a substantial effect on interstate commerce and is, therefore, unconstitutional on its face and

as applied. He properly acknowledges that both issues are foreclosed by our precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996).

AFFIRMED.