**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

No. 11-41020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

YOSBEL RODRIGUEZ; NORBIEL IZQUIERDO,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, CLEMENT, and HAYNES, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Yosbel Rodriguez and Norbiel Izquierdo appeal their convictions and sentences for drug offenses. We AFFIRM.

## FACTS AND PROCEEDINGS

Rodriguez and Izquierdo were arrested at a Border Patrol checkpoint outside of Falfurrias, Texas, after the cab of the tractor-trailer in which they were stopped by Border Patrol agents was found to contain over 45 kilograms of marijuana in a concealed compartment. The stop was prompted in part by a Border Patrol dog, who alerted while being walked around the truck. Rodriguez and Izquierdo were each charged by grand jury indictment with one count of

No. 11-41020

conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

Rodriguez and Izquierdo then filed various motions to suppress evidence in which they argued that the Fourth Amendment was violated by their warrantless arrests and a warrantless search after their arrests of the contents of Rodriguez's cell phone, during which pictures of the concealed marijuana were discovered. The district court held a suppression hearing at which it denied the motions from the bench. After a jury trial, Rodriguez and Izquierdo were found guilty of both counts of the indictment. The district court then issued a written opinion explaining its denial of the defendants' motions to suppress, before sentencing both Rodriguez and Izquierdo to concurrent 51-month terms of imprisonment on each count of conviction. They now appeal on various grounds.

## STANDARD OF REVIEW

"When the district court denies a motion to suppress, we review factual findings for clear error and conclusions of law *de novo*." *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). "For our review, we may consider all of the evidence presented at trial, not just that presented before the ruling on the suppression motion," *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007), and "[w]e view the evidence in the light most favorable to the party that prevailed in the district court," *United States v. Solis*, 299 F.3d 420, 435-36 (5th Cir. 2002) (quoting *United States v. Hunt*, 253 F.3d 227, 230 (5th Cir. 2001)).

## DISCUSSION

On appeal, Rodriguez contends that the district court erred in denying his motion to suppress because (1) his warrantless arrest was made without probable cause and therefore violated the Fourth Amendment, and (2) the warrantless search of the contents of his cell phone constituted an unlawful search incident to his arrest. Izquierdo argues only that the district court erred

No. 11-41020

in considering the fact that the Border Patrol dog alerted while sniffing the truck because the Government failed to introduce any evidence regarding the training and reliability of the dog.

### 1. Rodriguez

Rodriguez's first argument is that his mere presence in the truck was not sufficient probable cause to justify his warrantless arrest. The Supreme Court, however, has previously allowed the warrantless arrest of all the passengers in a car in which drugs were found when none of them would claim ownership of the drugs in question. *Maryland v. Pringle*, 540 U.S. 366, 372 (2003). Similarly, in this case, after the discovery of the marijuana, neither Rodriguez nor Izquierdo acknowledged ownership of it, and it was therefore "an entirely reasonable inference . . . that any or [both] of the [truck's] occupants had knowledge of, and exercised dominion and control over, the [marijuana]" that was found. *Id.* Rodriguez's warrantless arrest was thus amply supported by probable cause.

Rodriguez's second argument is that the search of the contents of his cell phone without a warrant violated his Fourth Amendment rights in light of *Arizona v. Gant*, 556 U.S. 332 (2009). Rodriguez has maintained at every stage of this case that his cell phone was discovered in the truck and not on his person. As a result, in his view, the search of the cell phone after he had already been arrested exceeded the allowable scope of such vehicular searches in light of *Gant*. *But see id.* at 343-44 (holding that a search of "the passenger compartment of an arrestee's vehicle and any containers therein" is justified "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle'" (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004))).

However, the district court held that Rodriguez's cell phone was seized from his person. We review such factual findings for clear error only, *see Payne*, 341 F.3d at 399, and the evidence supporting the district court's view, while not

3

overwhelming, was certainly ample. Border Patrol Agent Brandon Copenhaver testified that Rodriguez was taken inside the checkpoint office after his arrest, that his personal possessions were placed in a plastic bag, and that the bag was numbered and marked with Rodriguez's name. Although Copenhaver did not conduct this search of Rodriguez's person, he saw the bag after the search had been completed and observed that it contained a cell phone. Agent Marvin Williams, who inventoried the evidence found in the truck, testified that there was no cell phone amongst that evidence. In light of this testimony, the district court's holding that the phone was found on Rodriguez's person was not clearly erroneous. *See Solis*, 299 F.3d at 435-36.

Rodriguez argues, though, that, even if the cell phone was found on his person, the warrantless search of its contents exceeded the permissible scope of a search incident to arrest under *Gant*. We disagree. In *United States v. Finley*, we held that a search incident to arrest of the contents of a cell phone found on an arrestee's person for evidence of the arrestee's crime was allowable, analogizing it to a search of a container found on an arrestee's person. 477 F.3d 250, 259-60 (5th Cir. 2007). We have not previously held that *Gant* applies beyond the vehicular context, but even were we to apply it here, in light of that case's authorization of searches of a vehicle's passenger compartment "and any containers therein" for evidence of the offense of arrest, we fail to see how *Gant* disturbs our holding in *Finley* as it relates to this case. *See Gant*, 556 U.S. at 343-44. As a result, we are bound by *Finley*, and we therefore conclude that the search of the contents of Rodriguez's cell phone was permissible.

## 2. Izquierdo

Izquierdo argues that, since the Government failed to introduce any evidence as to the reliability of the dog used to sniff the truck, the district court erred in considering the dog's alert in assessing probable cause. Because Izquierdo failed to raise this specific argument before the district court, it is

waived.  *See United States v. Cano*, 519 F.3d 512, 515 (5th Cir. 2008) ("We review only those arguments that were specifically raised at the pre-trial suppression hearings.  Arguments not raised are waived." (citation omitted)).  Even were we to consider Izquierdo's waived argument "for good measure," *see United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) ("[O]ur cases identifying such waiver have often proceeded to evaluate the issues under a plain error standard for good measure."), we have previously held that "an alert by a drug-detecting dog provides probable cause to search [a vehicle]," *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003), and that "a showing of the dog's training and reliability is not required if probable cause is developed on site as a result of a dog sniff of a vehicle," *id.*  In his brief, Izquierdo concedes that this argument is foreclosed in our circuit but states that he raises it in light of the Supreme Court's grant of certiorari in *Florida v. Harris*, 132 S. Ct. 1796 (2012).

## CONCLUSION

For the foregoing reasons, we AFFIRM.