# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-20393
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY WALTER BUJOL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-368-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Barry Bujol, Jr., was convicted, following a bench trial, of attempting to provide material support to a designated terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) and (d)(1)(D), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(2). He was sentenced to a total of 240 months of imprisonment and two concurrent three-year terms of supervised release. He was also ordered to pay a $100 assessment as to each count, for a total of $200, and a $10,000 fine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bujol, who is represented by counsel in this appeal, argues that the district court erred in granting his request to waive his right to counsel and represent himself at trial. Although the Sixth Amendment provides a right to the assistance of counsel, "the Constitution does not force a lawyer upon a defendant." *Faretta v. California*, 422 U.S. 806, 814-15 (1975) (internal quotation marks omitted). A defendant has the right to represent himself at trial. *Id.* at 819-20; *United States v. Cano*, 519 F.3d 512, 515 (5th Cir. 2008). To exercise the right to represent himself, the defendant must knowingly and intelligently forgo counsel, and his request to proceed without counsel must be clear and unequivocal. *Cano*, 519 F.3d at 516. If a defendant clearly and unequivocally informs a trial court of his desire to represent himself — which is not disputed in this case — the judge "must hold a *Faretta* hearing to determine whether the defendant is 'knowingly and intelligently' forgoing his right to appointed counsel and whether, by post-invocation action, he has waived the request." *Id.* at 516. We review claims concerning the right of self-representation de novo. *Id.* at 515-16.

In support of his argument, Bujol asserts that the district court failed to adequately follow the guidelines set forth in the BENCHBOOK FOR U.S. DISTRICT COURT JUDGES (benchbook), failed to give proper consideration to his lack of legal knowledge and experience, and failed to heed trial counsel's concerns about Bujol's ability to represent himself. He argues that the court's failure to consider those issues resulted in a trial that was "significantly skewed" in favor of the Government. He points to certain aspects of his trial performance to demonstrate that he was "out of his league" in representing himself in a case of this nature.

The inquiry is not whether Bujol was well qualified to represent himself at trial but whether he was cautioned by the district court about the dangers of self-representation such that his decision to represent himself was made knowingly and intelligently and with open eyes. *See Cano*, 519 F.3d at 516; *see*

*also Faretta*, 422 U.S. at 833-34 (indicating that even where a defendant conducts his defense to his own detriment, his choice to proceed without counsel must be honored).  The record reflects that he was so cautioned.  The district court counseled Bujol about the dangers and disadvantages of self-representation and its warnings and admonishments were substantively the same as those recommended by the benchbook.  Even so, the district court was not required to follow any specific script or to recite the questions set forth in the benchbook when conducting the hearing.  *See United States v. Jones*, 421 F. 3d 359, 363 (5th Cir. 2005).  Indeed, this court has "approved warnings much less thorough than the guidelines presented in the bench book." *Id.*

We find no error in the district court's decision to grant Bujol's request to waive his right to counsel and represent himself.  The district court considered the proper factors during the *Faretta* hearing, and it is apparent from the record that the court was satisfied that Bujol understood "the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he [was] waiving." *See Cano*, 519 F.3d at 517.  Having failed to demonstrate that the waiver of his right to counsel was not knowing or voluntary, Bujol "cannot . . . complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta*, 422 U.S. at 834 n.46 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.