# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DEEM,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-149-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Deem pleaded guilty, pursuant to a written plea agreement, to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). After he stood convicted but before sentencing, Deem, who was represented by the Federal Public Defender, moved pro se to withdraw his guilty plea and to proceed pro se. Following a hearing, the district court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30169

Deem's motions and sentenced him above the advisory guidelines sentencing range to 240 months of imprisonment and a lifetime term of supervised release.

Now, Deem appeals, arguing that the district court erred in denying his motion to proceed pro se, an error conceded by the Government. We review claims concerning the right of self-representation de novo. *United States v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005). The record reflects that the district court denied Deem's motion because it found that he lacked the skill and knowledge to represent himself competently. That a defendant's decision to represent himself may work to his detriment because he lacks the knowledge or skills to represent himself competently is irrelevant "to the determination whether he is competent to waive his right to counsel." *Godinez v. Moran*, 509 U.S. 389, 400 (1993). The record reflects that Deem knowingly and intelligently waived his right to counsel, and he thus should have been allowed to exercise his constitutional right of self-representation. *See Faretta v. California*, 422 U.S. 806, 815-21 (1975); *United States v. Cano*, 519 F.3d 512, 515-16 (5th Cir. 2008). Because this error requires reversal, *see United States v. Majors*, 328 F.3d 791, 794 (5th Cir. 2003), we do not reach Deem's challenge to the reasonableness of his sentence, *see United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

The district court's denial of Deem's motion to withdraw his guilty plea has not been challenged by Deem on appeal. That issue has thus been waived, *see United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010), and Deem's conviction is AFFIRMED. However, the right to self-representation does extend to sentencing proceedings. *See Cano*, 519 F.3d at 515. Accordingly, Deem's sentence is VACATED, and the case is REMANDED to allow Deem a chance to represent himself on resentencing.