# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11369
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALLEN NASH, also known as A-1,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-478-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Allen Nash appeals his convictions of sex trafficking of a child; transportation of a minor to engage in commercial sex acts; possession of ammunition by a felon; sex trafficking through force, fraud, or coercion; and conspiracy to commit sex trafficking. First, he argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11369

erroneously denied his motion to sever the charge of being a felon in possession of ammunition from the other charges in the indictment.  Second, Nash contends that the district court improperly denied his constitutional right to self-representation after he clearly and unequivocally invoked that right.

We review the denial of a motion to sever counts for abuse of discretion and reverse when "there is clear, specific and compelling prejudice that resulted in an unfair trial." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001) (internal quotation marks and citation omitted).  Felon-in-possession charges present special prejudice concerns.  *United States v. Turner*, 674 F.3d 420, 430 (5th Cir. 2012).  Even so, given the location and timing of law enforcement's discovery of the ammunition in this case, the district court did not abuse its discretion in denying the motion to sever.  *See id.*  Nash has not shown clear, specific, and compelling prejudice that rendered his trial unfair. *See Singh*, 261 F.3d at 533.

While we review the denial of the constitutional right to self-representation de novo, we review the district court's underlying factual findings for clear error.  *United States v. Weast*, 811 F.3d 743, 748 (5th Cir. 2016).  Contrary to Nash's arguments, he did not clearly and unequivocally invoke his right to self-representation prior to jury selection because he abandoned that request after the district court complied with *Faretta v. California*, 422 U.S. 806 (1975), and after it warned him of the perils of proceeding pro se. *See United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008). Finally, despite Nash's arguments that he clearly and unequivocally requested self-representation on the morning of opening statements, in light of his behavior, the district court did not clearly err in denying his request on the ground that he was intending to delay and disrupt the proceedings.  *See Weast*,

No. 18-11369

811 F.3d at 746, 748-50; *United States v. Long*, 597 F.3d 720, 726-29 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED.