# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-11181
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Alberto Granados; Blanca Ladel Granados; Hugo Cesar Granados,

*Defendants—Appellants*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CR-15-3

———————————————————————————

Before Smith, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Hugo Cesar Granados (Granados), Blanca Ladel Granados (Blanca), and Hugo Alberto Granados (Alberto) were convicted for conspiracy to defraud the United States and as well as individual counts of substantive offenses. All the defendants were employees of Columbia Tax Service (CTS), and the indictment arose from their activities in preparing and filing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

federal income tax returns. The district court sentenced Granados to a total of 168 months in prison. The district court sentenced Blanca a total of 80 months. The district court sentenced Alberto to a total of 66 months.

Granados, Blanca, and Alberto argue that the district court erred by preventing a full cross-examination of a witness. Confrontation Clause issues that were preserved at trial are reviewed de novo, subject to harmless error analysis. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). "The Confrontation Clause guarantees a defendant the opportunity for effective cross-examination." *United States v. Lockhart*, 844 F.3d 501, 510 (5th Cir. 2016). The defense must be able to expose to the jury facts from which it could appropriately draw inferences regarding the witness's reliability. *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006). The defendants' arguments rest on the assertion that they were not allowed to impeach the witness with her prior inconsistent statement. Contrary to their assertion, the witness made no inconsistent statement. There has been no showing that the district court prevented a constitutionally effective cross-examination. *See Hitt*, 473 F.3d at 156; *Lockhart*, 844 F.3d at 510.

Blanca's argument that the district court erred in denying her the opportunity to impeach another witness with her prior arrests and convictions for theft is foreclosed by *United States v. Pruett*, 681 F.3d 232, 246-47 (5th Cir. 2021).

Alberto argues that the district court erred by calculating the loss amount that served as the basis for his offense level. He asserts that only the loss attributable to one of the four CTS offices was foreseeable to him. We review preserved challenges to the application of the Sentencing Guidelines de novo and the district court's factual findings for clear error. *United States v. Hawkins*, 866 F.3d 344, 346-47 (5th Cir. 2017). Alberto has not shown that

the district court's factual findings are implausible. *See Hawkins*, 866 F.3d at 347; *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

Granados argues that the district court violated his right to self-representation. The Sixth Amendment guarantees not only that a criminal defendant can receive the aid of counsel but also that he can waive that right and represent himself. *Faretta v. California*, 422 U.S. 806, 819-20 (1975); *United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010). A defendant who has asserted his *Faretta* rights may abandon them later. *Long*, 597 F.3d at 728. We review claims invoking the right of self-representation de novo. *United States v. Cano*, 519 F.3d 512, 515-16 (5th Cir. 2008). Notwithstanding any request to proceed pro se, Granados clearly abandoned the request by continuing to retain legal representation through the filing of his appellate brief. Granados has failed to show a violation of his *Faretta* rights by the district court.

We do not consider any issues raised for the first time in Granados's reply brief. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006); *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). Granados's motion to stay the restitution order is DENIED. The judgment of the district court is AFFIRMED.