# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30785

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2016

Lyle W. Cayce
Clerk

JEREMY COLEMAN,

Petitioner–Appellant,

versus

JERRY GOODWIN, Warden, David Wade Correctional Center,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, BARKSDALE, and COSTA, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Jeremy Coleman, a Louisiana prisoner, appeals the dismissal of his petition for a writ of habeas corpus. We reverse and remand.

I.

On advice of attorney Kammi Whatley, Coleman pleaded guilty of manslaughter. He retained attorney Alex Washington to file a direct appeal. The appellate court denied relief. At Coleman's direction, Washington filed a

No. 14-30785

habeas petition in the convicting trial court, claiming that Whatley had provided ineffective assistance of counsel ("IAC") in the course of plea negotiations. The trial court denied the petition. Coleman, by attorney Washington, appealed to the Louisiana intermediate appellate court, raising the same set of claims. That court denied relief.

Coleman, proceeding *pro se*, wrote a letter to the Louisiana Supreme Court requesting an extension of time to file a petition. The letter asserted that Washington had failed to bring certain specific IAC claims, regarding Whatley's representation, that Coleman had explicitly instructed Washington to raise. Further, Coleman asserted that Washington had abandoned the case by failing to appeal the intermediate court's denial of relief to the Louisiana Supreme Court. The Louisiana Supreme Court granted the extension.

Coleman filed a *pro se* habeas petition in the Louisiana Supreme Court, presenting a mixture of new and old claims regarding Whatley's purported IAC. Coleman further posited that Washington's representation was ineffective by his failure to raise certain of the IAC claims in the lower courts, which Coleman claimed he had instructed Washington to include in his previous petitions. Therefore, Coleman urged, the state supreme court should excuse his failure to exhaust those claims. In sum, Coleman raised five IAC claims: Whatley (1) failed to move for a continuance or withdraw; (2) failed to contact two alibi witnesses and investigate the case before advising him to plead guilty; (3) failed to move to suppress Coleman's confession, and failed to advise Coleman, before the guilty plea, that the motion to suppress would be meritorious; (4) failed to advise Coleman that he would be presumed innocent and that the state had the burden to prove his guilt at trial; and (5) advised Coleman that, if he refused the plea offer, he would be convicted and sentenced to life imprisonment. The Louisiana Supreme Court summarily denied the application.

2

No. 14-30785

*State ex rel. Coleman v. State*, 110 So. 3d 1070 (La. 2013).

Coleman filed a *pro se* federal habeas petition claiming that (1) Washington had provided IAC in post-conviction proceedings for failing to follow Coleman's instruction to investigate and interview witnesses who could have established substantial grounds for a claim of ineffective assistance of trial counsel ("IATC") and for failing to raise a claim of IAC based on those grounds, and (2) his trial counsel, Whatley, provided IAC on the same grounds Coleman had raised in his *pro se* filings in the Louisiana Supreme Court. Coleman further claimed that, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Washington's IAC in the state habeas proceedings excused Coleman's failure to present the underlying IATC claims.

The district court denied relief. It held that Coleman's claims were unexhausted because they had been raised for the first time before the Louisiana Supreme Court. Further, it held that the claims were not procedurally defaulted, because there was no state-court decision that procedurally barred Coleman's claims, and the Louisiana Supreme Court had issued only a one-word denial. The district court therefore declined to address Coleman's arguments under *Martinez* and *Trevino* and dismissed the habeas petition. We granted a certificate of appealability.

II.

State prisoners typically must exhaust state remedies before filing a federal habeas petition. *See Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). When a prisoner fails to present a given set of claims to the state courts, and those courts would find that the claims were untimely or otherwise procedurally barred, the claims are procedurally defaulted, and federal courts cannot review them unless the petitioner shows cause for the default and prejudice stemming therefrom. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

No. 14-30785

As relevant here, IAC of state habeas counsel is good cause in some states. "[W]hen a State requires a prisoner to raise an [IATC] claim in a collateral proceeding, a prisoner may establish cause for a default of an [IAC] claim" by showing that (1) the underlying [IATC] claim is substantial and (2) the prisoner received [IAC] in state habeas proceedings. *Martinez*, 132 S. Ct. at 1318. In *Trevino*, the Court expanded the *Martinez* rule by replacing its formal, bright-line test with a functional test. Under *Trevino*, 133 S. Ct. at 1921, the *Martinez* rule applies in states "where . . . [the state's] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of [IATC] on direct appeal . . . ." The *Trevino* Court determined that Texas's procedural framework made it unlikely that most litigants had a meaningful chance to raise IATC claims on direct appeal, so Texas prisoners can benefit from the *Martinez* rule. *Id.*

This appeal presents three issues: first, whether Coleman's claims are procedurally defaulted such that analysis under *Martinez* and *Trevino* is proper; second, whether the *Martinez/Trevino* rule applies in Louisiana; third, whether Coleman is entitled to benefit from that rule. We conclude that Coleman's claims are procedurally defaulted and that Louisiana prisoners can, in principle, benefit from the rule. We remand for the district court to decide whether Coleman has satisfied the remaining requirements of the rule: that his underlying IATC claim is substantial and that his state habeas counsel provided IAC.

III.

The district court ruled that Coleman's claims were unexhausted but not procedurally defaulted. On appeal, Coleman does not say that the claims were

No. 14-30785

properly exhausted.  Therefore, we will not disturb that ruling, because Coleman has waived any argument he might have by failing to brief it properly. *See Yohey v. Collins*, 985 F.3d 222, 224–25 (5th Cir. 1993).  But he does maintain that federal courts may review his habeas claims under *Martinez* and *Trevino*, which recognize an exception to the procedural-default doctrine and thus are applicable only if the claims are in fact procedurally defaulted.  We conclude that they are.

In violation of state procedural rules, Coleman filed, directly in the state supreme court, a habeas petition containing new claims.  That court denied the petition in a one-word summary order.  That type of order is presumptively a denial on the merits.  *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011).  But the *Richter* presumption is not conclusive—where there is good reason to think that the state court rejected the petition for some reason other than an evaluation of the merits, the presumption gives way.  We use a three-factor test to determine whether a state-court decision was on the merits:

> (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits.

*Woodfox v. Cain*, 772 F.3d 358, 371 (5th Cir. 2014) (citing *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999)), *cert. denied,* 136 S. Ct. 38, 193 L. Ed. 2d 26 (2015).  Under that test, when the Louisiana Supreme Court summarily denies a habeas petition, filed directly in that court, that contains new claims not presented to lower state courts, that denial is on procedural grounds rather than on the merits.  *Mercadel*, 179 F.3d at 275–76.  Coleman's claims are therefore both unexhausted and procedurally defaulted.

No. 14-30785

IV.

Because Coleman's claims are unexhausted and procedurally defaulted, he must show cause and prejudice. *Coleman*, 501 U.S. at 750. The only cause that he presents is IAC of state habeas counsel. Therefore, we must determine whether the Louisiana procedural scheme is sufficiently similar to Texas's that Louisiana prisoners may take advantage of the *Martinez/Trevino* rule.

The state does not contend that *Martinez* and *Trevino* are inapplicable in Louisiana; its brief can fairly be read to concede the issue. But procedural default is not subject to the customary doctrine of waiver. A state's careless or inadvertent failure to brief procedural default does not waive the argument; only a purposeful and deliberate decision to forego the defense will do so. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). There is no indication that Louisiana's failure to advance any argument for why it is not like Texas for purposes of the *Martinez/Trevino* rule was deliberate or informed. Instead, it seems to result from careless error. Nonetheless, we conclude that Texas and Louisiana are materially similar, so *Martinez* and *Trevino* apply in Louisiana.

*Trevino*'s analysis of Texas's system offers guidance. The Court noted two significant "characteristics" of Texas's procedure. *Trevino*, 133 S. Ct. at 1918. The first was that it is near-impossible to bring IATC claims on direct review in Texas, as the Texas courts acknowledged. *Id.* (citing various Texas opinions). Texas also allows for such a claim to be brought in a motion for new trial for which courts may allow "*some* additional time to develop a further record"; but, again looking to state court opinions, the Court reasoned that time constraints, delay in access to a transcript, and the need for a more developed record on why counsel acted as he did require review via collateral proceedings. *Id.* at 1918–19.

No. 14-30785

Like Texas, Louisiana allows IATC claims to be brought on direct review or in a motion for new trial.[1] Further, Texas's and Louisiana's procedural rules regarding motions for a new trial are substantially similar. Texas requires such a motion to be made within thirty days of sentencing, TEX. R. APP. P. 21.4(a), and the court must rule within seventy-five days, *see id.* Rule 21.8(a), (c); *see also Trevino*, 133 S. Ct. at 1918 (noting these rules). Louisiana requires that a new trial motion "be filed and disposed of before sentence." LA. CODE CRIM. P. art. 853(A). But "[t]he court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial." *Id.*

It is not clear how often—or for how long—such extensions are generally granted. Notably, Texas argued in *Trevino* that its time limits are enforced "more flexibly than [the Court had] suggested," and it pointed to a few cases in which extensions and special hearings had been granted. *Trevino*, 133 S. Ct. at 1920. But "special, rarely used procedural possibilities" did not cure "Texas courts' own well-supported determination that collateral review" is normally the preferred or only practical means of raising IATC claims. *Id.*

---

[1] *State v. Ratcliff*, 416 So. 2d 528, 530 (La. 1982) (holding that if "the record discloses evidence needed to decide the issue of [IAC] and that issue was raised by assignment of error on appeal," it can be decided on appeal "in the interest of judicial economy"); *State v. Woodard*, 9 So. 3d 112, 118 (La. 2009) (noting IAC can be argued as the basis for a new trial). But, as in Texas, the Louisiana Supreme Court and intermediate courts have repeatedly emphasized that such claims are better brought on collateral review. *See State v. Carter*, 84 So. 3d 499, 511 n.5 (La. 2012) ("A claim for [IAC] is more properly raised in an application for post-conviction relief."); *Woodard*, 9 So. 3d at 118 (noting that "claims of [IAC] are generally reserved for post-conviction proceedings."); *Ratcliff*, 416 So. 2d at 530 ("[T]his Court normally holds that [IAC] is an issue more properly raised by writ of habeas corpus."); *see also, e.g.*, *State v. Deloch*, 380 So. 2d 67, 68 (La. 1980); *State v. Ferrand*, 356 So. 2d 421 (La. 1978); *State v. McGuire*, 179 So. 3d 632, 639 (La. App. 2d Cir. 2015); *State v. Carter*, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996).

7

No. 14-30785

The second major characteristic noted in *Trevino* is that *not* applying *Martinez* "would create significant unfairness . . . because Texas courts in effect have directed defendants to raise claims of [IAC] on collateral, rather than on direct, review." *Id.* at 1919. The Court pointed to Texas cases stating that IAC claims should typically be brought in collateral proceedings, holding that even if a claim is brought on direct review, it can also be pursued collaterally, and suggesting that failure to raise an IAC claim on direct review is not grounds for IAC of appellate counsel. *Id.* at 1919–20. The Court also noted criminal-bar guidelines suggesting claims should be brought on collateral review, and it commented that the state could point to only a small number of cases in which a petitioner received a full evidentiary hearing on IAC on a motion for new trial. *Id.*

The Louisiana courts, as noted above, have likewise repeatedly held that IATC claims should typically be brought in collateral proceedings, and if a claim is brought on direct appeal and the court determines that it cannot be decided on the record, the court will direct that it be brought in a collateral proceeding.[2] Further, as in Texas, several Louisiana state criminal-practice guidelines urge that IAC claims are best brought in post-conviction proceedings.[3]

---

[2] *See, e.g.*, *State v. Allen*, 955 So. 2d 742, 751–52 (La. App. 5th Cir. 2007) (declining to review any IAC arguments because some required an evidentiary hearing, and thus instructing that all claims be heard on post-conviction relief).

[3] *See, e.g.*, GAIL DALTON SCHLOSSER, LA. PRAC. CRIM. TRIAL PRAC. § 28:6 (4th ed.) ("If a person's claim is that he was represented by incompetent or ineffective assistance of counsel at trial, he can usually only raise it by post-conviction petition since that provides for an evidentiary hearing to air the complaint. Likewise, a claim of incompetent counsel raised on appeal is likely to be deferred to post-conviction proceedings since the appellate record usually is inadequate to review the complaint.") (footnotes omitted); ELDON E. FALLON, LA. PRAC. TRIAL HANDBOOK FOR LA. LAWYERS § 1:3 (3d ed.) (explaining that IAC is "more properly raised by application for postconviction relief," but noting that claims evident from the record "may" be brought on appeal).

No. 14-30785

In at least one case, the trial court did "conduct[ ] a full evidentiary hearing on the question [of IATC]" during consideration of a motion for new trial.[4]  And at least one other court found IATC on direct appeal.[5]  But those cases appear to be outliers.  In *Trevino*, Texas similarly argued that a handful of such cases showed that there was a meaningful opportunity for review on direct appeal, but the Supreme Court disagreed.  *Trevino*, 133 S. Ct. at 1920.

These similarities between the Texas and Louisiana systems mean that *Trevino* applies in Louisiana.  Our caselaw supports that conclusion.  Before *Trevino*, we held that the rule in *Martinez* did not apply in Texas, *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012), and that *Martinez* did not apply in Louisiana, because the state systems were so similar that *Ibarra*'s reasoning controlled, *In re Sepulvado*, 707 F.3d 550, 555–56 (5th Cir. 2013).  Now that *Trevino* has abrogated *Ibarra*, the same logic applies in applying *Martinez* and *Trevino* to Louisiana.

Louisiana's procedural system "makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of [IATC] on direct appeal . . . ."  *Trevino*, 133 S. Ct. at 1921.  Therefore, Louisiana prisoners may benefit from the *Martinez/Trevino* rule if they satisfy its remaining requirements: that they have a substantial trial IAC claim and that they received IAC from state habeas counsel.

## V.

The district court did not decide whether Coleman's IATC claim was

---

[4] *Woodard*, 9 So. 3d at 118 (noting the trial court had such a hearing).

[5] *State v. Carter,* 559 So. 2d 539, 541 (La. App. 2d Cir. 1990) (in which trial counsel failed to object to an inaccurate statement of law—that "intent to inflict great bodily harm" is enough to convict for attempted second degree murder, which it is not under state law—repeatedly given by opposing counsel and the court).

substantial or whether he received IAC in his state habeas proceedings. As noted above, Coleman alleges a variety of misconduct on the part of Whatley and Washington. In response, the state does not advance any sustained legal argument for why those allegations, if true, would not make out valid claims of trial and habeas IAC. Rather, it contests the factual accuracy of Coleman's allegations.

IAC claims present complex mixed questions of law and fact better addressed in the first instance by a district court. *See Canales v. Stephens*, 765 F.3d 551, 571 (5th Cir. 2014). That is especially true here, where the core of the dispute is factual. We therefore remand for the district court to decide, in the first instance, whether Coleman has satisfied the remaining two requirements under *Martinez/Trevino*.

## VI.

In summary, Coleman's claims are defaulted, but Louisiana prisoners can benefit from the *Martinez/Trevino* exception to the procedural-default rule if they can show that they have a substantial IATC claim and received IAC from state habeas counsel. As an appellate court, we cannot adequately evaluate, in the first instance, Coleman's factual allegations against his trial and state habeas lawyers. Therefore, the judgment dismissing the petition is REVERSED, and the matter is REMANDED. The district court should determine whether Coleman has satisfied the remaining two requirements to show cause for procedural default under *Martinez* and *Trevino* and should conduct proceedings as needed. We express no view on what decisions the court should make on remand.