# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

No. 16-30270
Summary Calendar

BRANDON BRUE,

                                                Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

                                                Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-60

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brandon Brue, Louisiana prisoner # 507020, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for second-degree murder, attempted second-degree murder, and possession of a firearm by a convicted felon, for which he is serving a cumulative life sentence. The district court granted a certificate of appealability (COA) as to one issue, namely whether the admission of the handwritten statement purportedly made by Yarnell Brue may be seen to have been error of such magnitude as to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result in grave doubt that the error was not harmless in light of the totality of the evidence at trial. A judge of this court subsequently granted in part Brue's motion to expand the COA to include the issue of whether the district court erred in rejecting Brue's claim that he received ineffective assistance of counsel where trial counsel failed to investigate possible alibi witnesses and present an alibi defense.

With respect to the first issue, we review the district court's findings of fact for clear error and its conclusions of law de novo. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001). While state law evidentiary errors may not, standing alone, be redressed under § 2254, whether application of the state evidentiary rule violated a constitutional right is reviewable. *See Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010). A state evidentiary ruling implicates due process and provides a basis for habeas relief only where the ruling was "of such a magnitude or so egregious that [it] render[ed] the trial fundamentally unfair." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011) (internal quotation marks and footnote omitted). Habeas relief must also be denied if the constitutional error was harmless. *Jones*, 600 F.3d at 537 n.8.

On direct appeal, the state appellate court concluded that Yarnell's statement was inadmissible but that the error was harmless in light of the substantial evidence of Brue's guilt presented at trial. *State v. Brue*, No. 2009 KA 2281, 2010 WL 1838383, 11-13 (La. Ct. App. May 7, 2010). While Brue suggests that the admission of the statement was a constitutional error which was not harmless because there was minimal evidence connecting him to the crime, there was substantial evidence presented at trial of his guilt. When interviewed by law enforcement, Christopher Gremillion stated that Brue, an individual he had known for five years and saw daily, was the individual who shot both Gremillion and Yarnell. *Id.* at 4. Even without Yarnell's written

statement, there was testimony from law enforcement about a complaint Yarnell made about Brue to police one week before her death, as well as testimony about two prior incidents in which Brue shot at or threatened to shoot other individuals. *Id.* at 3-4. Brue fled after Yarnell and Gremillion's shooting and was not located until several months later. *Id.* at 4. The state appellate court was "convinced that the evidence presented negated any reasonable probability of misidentification," and that "any rational trier of fact could have found that the State proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence," the elements of the charged offenses. *Id.* at 5. Given the highly deferential standard of review, § 2254(d)(1), (2); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), Brue has not demonstrated his entitlement to habeas relief.

Brue's second issue was procedurally defaulted in the state courts because he failed to raise it on direct appeal. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); LA. CODE CRIM. P. art. 930.4(C). However, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). As Brue was not represented by counsel during the state habeas proceedings, the question is whether he has a substantial claim of ineffective assistance as to his trial counsel. *See Coleman v. Goodwin*, 833 F.3d 537, 543 (5th Cir. 2016). To prevail, he must show (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Failure to establish either prong defeats the claim. *Id.* at 697.

No. 16-30270

Brue has not demonstrated that he has a substantial claim for ineffective assistance of counsel. Even if counsel's failure to investigate and call these alibi witnesses was error, Brue has not demonstrated prejudice. As explained above, there was substantial evidence of Brue's guilt presented at trial. *See Brue,* 2010 WL 1838383, 3-4. Given this evidence of guilt, coupled with the somewhat questionable credibility of testimony from three alibi witnesses who were also Brue's cousins, he has not made the requisite showing of prejudice. *See Strickland,* 466 U.S. at 694.

AFFIRMED.