# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2018

Lyle W. Cayce
Clerk

No. 16-30876

DAVID RICHARD TRIMBLE,

Petitioner–Appellant,

versus

DARREL VANNOY, Warden, Louisiana State Penitentiary,

Respondent–Appellee.

On Appeal from the United States District Court
for the Western District of Louisiana
No. 6:14-CV-876

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

David Trimble was convicted of aggravated rape against four juveniles. At trial, Trimble's nieces, A.B. and R.L., testified that he regularly raped them in the 1970's, beginning when they were ages five and eight. Trimble's other

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30876

niece, M.L., was raped in 1983 when she was eight. And Trimble's step-daughter, C.C., testified that Trimble raped her up to 2,000 times, starting in 1999 when she was twelve and continuing until 2005. Trimble was sentenced to three consecutive life sentences and twenty years' imprisonment.

Trimble unsuccessfully sought state habeas corpus relief. He timely petitioned under 28 U.S.C. § 2254, raising many of the same claims that he had brought in state court: (1) insufficiency of evidence; (2) the prosecutions were time-barred; (3) his sentences were unconstitutionally excessive as violating *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) a Confrontation Clause violation; (5) ineffective assistance of counsel; (6) an unconstitutional use of Louisiana Code of Evidence article 412.2; and (7) cumulative error resulting in a Fourteenth Amendment violation. The magistrate judge recommended granting habeas relief only on the claim that Trimble's sentence for raping A.B. was unconstitutionally excessive as violating *Apprendi*, but the district court denied relief on all claims.[1]

Trimble sought a certificate of appealability ("COA") on each claim. We granted a COA on only one issue: "whether Trimble's life sentence for aggravated rape of A.B. was based on a jury finding that the offense occurred in or after 1977," i.e., the *Apprendi* issue.

"We have jurisdiction to address only the issue specified in the COA." *United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009); *see also* 28 U.S.C. § 2253(c). Yet Trimble has wholly failed to press the *Apprendi* issue or to contend in any way that his sentence was unconstitutionally excessive. Instead, he spends the entirety of his brief insisting that his convictions were

---

[1] Although the district court did not explain its reasoning, "[w]e can affirm . . . for any reason supported by the record." *United States v. Lim*, 897 F.3d 673, 687 (5th Cir. 2018). *Accord Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009).

No. 16-30876

time-barred.

"Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1998)).[2] Thus, in *Yohey*, we found abandonment even though the *pro se* appellant requested that his brief incorporate by reference previously filed legal arguments. *Id.* at 224–25. Here, the situation is worse: Trimble's brief advances only an issue for which we denied a COA. Accordingly, he has waived his excessive-sentence claim, and we are left with nothing to decide.

AFFIRMED.

---

[2] *See* FED. R. APP. P. 28(a)(8); *see also, e.g.*, *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016); *United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015); *Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011); *Fletcher v. Outlaw*, 578 F.3d 274, 277 (5th Cir. 2009); *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To be sure, we have "discretion" to consider a technically noncompliant brief where that consideration will not prejudice the opposing party. *Grant v. Cuellar*, 59 F.3d 523, 524–25 (5th Cir. 1995). We decline to exercise that discretion here. In the first place, as the above-cited cases amply demonstrate, we do not always look for specific instances of prejudice before finding abandonment. *See, e.g.*, *Coleman*, 858 F.3d at 309. In the second place, the state could plainly be prejudiced insofar as the district court did not give its reasons for dismissal, and Trimble has briefed an issue that is entirely different from the one that was presented.