# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 19-30199

DONTRALE DEMARKO PHILLIPS,

*Petitioner—Appellant*,

*versus*

TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1041

Before JONES, HAYNES, and COSTA, *Circuit Judges*.
PER CURIAM:[*]

Dontrale Demarko Phillips appeals the denial of his 28 U.S.C. § 2254 petition challenging his state court convictions for armed robbery. We granted a Certificate of Appealability ("COA") on two issues: (1) whether Phillips was denied the right to counsel and the right to a fair trial when the trial court failed to hold a pre-trial sanity commission hearing or make a legal

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30199

determination regarding his competence to stand trial and instead relied on a mental health report; and (2) whether Phillips's conviction was obtained in violation of the Sixth Amendment right to counsel where the trial court failed to ascertain whether his waiver of his right to counsel was made knowingly and intelligently. For the reasons that follow, we AFFIRM.

## I. Background

In 2012, Phillips was charged in Louisiana state court with three counts of armed robbery. At a preliminary hearing, Phillips moved to represent himself and waived his right to a jury trial. The trial court asked Phillips a series of questions about his desire to represent himself and the extent of his knowledge of the rules of evidence and rules of criminal procedure. The court also advised Phillips of his right to counsel, the length of the sentence he faced, the aid an attorney could provide, and that he would not receive special treatment due to his pro se status. Despite these advisements, Phillips insisted on self-representation.

Over the next few months, Phillips submitted various motions and made several appearances in court. The trial court noted that Phillips "exhibited strange behavior in court and in pleadings" and "question[ed] whether [Phillips] ha[d] the mental capacity to proceed." In particular, the court articulated concern regarding Phillips's attempts to argue issues irrelevant to his motions and to relitigate issues already decided by the court. Unsure whether Phillips had a mental defect or was "just obstructive and arrogant," the court ordered Phillips to be examined by a sanity commission to determine whether Phillips could proceed.

In March 2013, the trial court determined that Phillips lacked the mental capacity to understand the proceedings against him and committed Phillips to the custody of the Eastern Louisiana Mental Health System. After a comprehensive evaluation, hospital staff submitted a report notifying the

court that Phillips had the "mental capacity to proceed." The report noted that hospital staff "never observed any symptoms consistent with a depressive disorder, a psychotic disorder, an anxiety disorder, or a mood disorder"; Phillips had "an (at least) average range IQ"; and Phillips did not have any "cognitive defects that would interfere with his ability to proceed to trial." Therefore, the report concluded, "there [was] not any evidence of an underlying mental disorder that would in some way impair his ability to proceed."

After receiving this report, the trial court held a hearing to determine whether Phillips had the mental capacity to proceed. With "standby counsel" present to assist Phillips, the court asked Phillips if he wanted to introduce the report into the record showing that he was competent. Phillips responded "yes." The trial court then concluded he was competent.

Phillips proceeded to a bench trial where he represented himself with the assistance of "hybrid counsel." *State v. Phillips*, No. 14-254, 2014 WL 4926152, at *1 (La. Ct. App. Oct. 1, 2014). The trial court found Phillips guilty and sentenced him to three consecutive thirty-year sentences. *Id.* at *2. Phillips appealed: the Louisiana Court of Appeals affirmed Phillips's convictions and sentences, *id.* at *9, and the Louisiana Supreme Court denied his writ for certiorari, *State v. Phillips*, 176 So. 3d 1035 (La. 2015) (Mem.). Phillips's attempts at state postconviction review were also unsuccessful.[1] The Louisiana Supreme Court denied Phillips's application for supervisory writs, determining that Phillips had "inexcusably failed to raise his claims in

---

[1] The Louisiana trial court denied Phillips's request for postconviction review for failure to state a claim, and the Louisiana Court of Appeal denied Phillips's application for a supervisory writ of review.

the proceedings leading to conviction" as required by LA. CODE CRIM. PROC. ANN. art. 930.4(B).

Turning to federal court for relief, Phillips filed his present petition under 28 U.S.C. § 2254, asserting four arguments, including: (1) he was denied the right to counsel and the right to a fair trial when the trial court failed to hold a pre-trial sanity commission hearing or make a legal determination regarding his competence to stand trial, instead relying on a mental health report; and (2) his conviction was obtained in violation of the Sixth Amendment right to counsel where the trial court failed to ascertain whether his waiver of his right to counsel was made knowingly and intelligently.

The district court determined that Phillips's first two claims (described above) were procedurally defaulted, his third claim lacked merit, and his fourth claim did not warrant habeas relief. On those bases, the district court denied habeas relief and a COA. Phillips timely appealed. We granted Phillips's motion for a COA as to Phillips's first two claims, concluding that Phillips had not challenged the conclusion of procedural default but that reasonable jurists could debate whether he had demonstrated cause and prejudice to overcome his procedural default.[2]

## II.    Standard of Review

On a denial of a § 2254 application, we review the district court's findings of fact for clear error and its conclusions of law de novo. *Gregory v. Thaler,* 601 F.3d 347, 352 (5th Cir. 2010). Our review is also limited by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, we cannot grant federal habeas relief on claims adjudicated on the

---

[2] This court denied a COA as to Phillips's remaining two arguments, concluding that these claims did not satisfy the standard for obtaining a COA.

No. 19-30199

merits in state court unless the adjudication resulted in a decision that: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

To the extent a petitioner challenges a state court's factual findings, "we afford the state trial court the deference due under § 2254(e)(1)." *Austin v. Davis*, 876 F.3d 757, 789 (5th Cir. 2017). Under this highly deferential standard, state court factual findings are presumed to be correct. *Id.* § 2254(e)(1). Even when a state court dismisses a claim on procedural grounds, deference is given to the factual findings unless the findings are directly inconsistent with the highest state court's ultimate resolution of the case. *See Austin*, 876 F.3d at 776–79 (applying § 2254(e)(1) deference to factual findings when state high court rejected claims on procedural grounds).

### III.    Discussion

We now turn to Phillips's claims that are before us. First, Phillips avers that the trial court violated his rights guaranteed by the Sixth Amendment because it "failed to hold a sanity commission hearing" when determining Phillips's competence and instead "relied extensively upon mental health reports." Second, Phillips argues that his conviction was obtained "in violation of his Sixth Amendment right to counsel at trial" because the trial court did not "ascertain whether [Phillips]'s waiver of

counsel was made knowing[ly] and intelligently." The district court concluded that these claims were procedurally defaulted.[3]

"A federal court generally cannot review the merits of a state prisoner's habeas petition if the claims in the petition are procedurally defaulted." *Rocha v. Thaler*, 626 F.3d 815, 820 (5th Cir. 2010). Questions of procedural default are assessed de novo on appeal. *See Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A claim is procedurally defaulted if the last state court to address the claim explicitly rejected it on an "independent" and "adequate" state law ground. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). To satisfy the "independent" and "adequate" requirements, the state court's dismissal must clearly and expressly indicate that it rests on a state procedural bar, and the bar must be "strictly or regularly" followed by state courts and applied "to the vast majority of similar claims." *Amos*, 61 F.3d at 338–39 (emphasis omitted).

---

[3] The State did not expressly argue that Phillips's arguments were procedurally defaulted. Nevertheless, a federal district court may find a procedural default on its own motion, as the district court did here. *See Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (holding that "a federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default sua sponte and then apply that default as a bar to further litigation of petitioner's claims"); *see also Day v. McDonough*, 547 U.S. 198, 207 (2006) ("While the issue remains open in this Court . . . the Courts of Appeals have unanimously held that . . . courts, on their own initiative, may raise a petitioner's procedural default."); *Coleman v. Goodwin*, 833 F.3d 537, 541 (5th Cir. 2016) ("[P]rocedural default is not subject to the customary doctrine of waiver. A state's careless or inadvertent failure to brief procedural default does not waive the argument; only a purposeful and deliberate decision to forego the defense will do so."). *Day*, addressing a different habeas defense, requires that the petitioner have an opportunity to address a court's sua sponte consideration of habeas defenses. 437 U.S. at 210. Because the magistrate judge made this determination to which Phillips had the opportunity to object, this condition was met. *See Phillips v. Vannoy*, No. 1:17-CV-01041, 2019 WL 962201, at *1 (W.D. La. Feb. 27, 2019) (acknowledging Phillips's objections to the magistrate's Report and Recommendations raising procedural default).

No. 19-30199

Here, the Louisiana Supreme Court rejected Phillips's claims pursuant to a state procedural bar; citing LA. CODE CRIM. PROC. ANN. art. 930.4(B), the court denied relief because Phillips "inexcusably failed to raise his claims in the proceedings leading to conviction." This rejection was based on independent state grounds; the court's denial rested solely on state law, and there is no indication that the court relied on any federal constitutional law in denying Phillips's claim. Additionally, courts regularly apply LA. CODE CRIM PROC. ANN. 930.4(B) to procedurally bar claims from federal habeas review. *See Holmes v. Vannoy*, No. 16-6894, 2018 WL 941712, at *6 (E.D. La. Jan. 11, 2018) (describing art. 930.4(B) as a "well-established . . . independent and adequate state court ground[] sufficient to procedurally bar claims from federal habeas review" and collecting cases). Therefore, the "adequacy" requirement is satisfied.

In sum, because the Louisiana Supreme Court rejected Phillips's claims on an independent and adequate state procedural ground, his claims are procedurally defaulted.

Accordingly, the only way Phillips can prevail on his underlying claims is if he is able to demonstrate either: (1) cause for and prejudice from the procedural default; or (2) that a failure to consider the claims would result in a fundamental miscarriage of justice.[4] *Coleman*, 501 U.S. at 750. "To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (internal quotation marks and citation omitted). A lack of counsel or ineffective assistance of counsel may,

---

[4] Only the first exception is relevant here. "Fundamental miscarriage of justice is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him," *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012) (internal quotation marks and citation omitted), and Phillips has not attempted to do so.

in some situations, constitute cause. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Phillips attempts to overcome procedural default by showing cause and prejudice. As cause, Phillips contends that the trial court violated his Sixth Amendment right to counsel. The district court rejected Phillips's ineffective assistance of counsel argument, determining that the record supported the state court's finding that Phillips knowingly and intelligently waived his right to counsel. Those factual findings are entitled to deference. *See Austin*, 876 F.3d at 789, 776–79. Therefore, Phillips could not show cause for the procedural default.

Phillips does not challenge this determination. He makes no argument that the district court somehow erred in its conclusion that he was not excused from procedural default. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), even pro se litigants must brief arguments to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Thus, Phillips has waived any challenge to the district court's determination regarding cause. *Cf. Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that a failure to challenge a district court's judgment is the equivalent of petitioner not having appealed the judgment).

Even assuming arguendo that waiver does not apply, Phillips cannot prove that he should be exempted from procedural default. Although Phillips could show cause through ineffective assistance of counsel, Phillips has failed to do so. The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to the assistance of counsel. U.S. CONST. amend. VI. However, the Sixth Amendment also implicitly grants a criminal defendant the right to represent himself. *Batchelor v. Cain*, 682 F.3d 400, 406 (5th Cir. 2012) (citing *Faretta v. California*, 422 U.S. 806, 818–

21 (1975)).  A defendant who waives his right to counsel and opts to proceed pro se "cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) (quoting *Faretta*, 422 U.S. at 834 n.46).

To represent himself, a defendant must knowingly and intelligently waive his right to counsel and assert his right in a clear and unequivocal manner. *Faretta*, 422 U.S. at 835.  Accordingly, before accepting a waiver of counsel, a court must conduct "a so-called *Faretta* hearing." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008).  At this hearing, the court "must caution the defendant about the dangers of such a course of action so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* (quotation omitted).

The record supports the conclusion that Phillips waived his right to counsel.  Thus, the court satisfied the *Faretta*-hearing requirements.  However, Phillips contends that the trial court's later competency determination rendered the initial *Faretta* hearing void.  In essence, Phillips's argument is that the trial court should have conducted an additional *Faretta* hearing since it subsequently found that Phillips lacked the mental capacity to understand the proceedings against him.  Given our deference to state court findings, we disagree.

We acknowledge that the trial court did question Phillips's competency subsequent to the initial *Faretta* hearing.  However, the subsequent report prepared by treatment staff from the Louisiana Department of Health and Hospitals confirmed Phillips's competency: the staff determined there was no evidence that Phillips suffered from an underlying mental, cognitive, or psychotic disorder that would have impaired his ability to proceed, noting that he was not incompetent even when he arrived.  Phillips, seemingly consenting to the contents of this report, agreed

to its introduction into evidence during the June 2013 hearing. Based on the report and lack of objection from Phillips, the trial court found that Phillips was competent to proceed. We must defer to this finding. Phillips fails to cite any authority for the proposition that, under the unique circumstances here (where he was never actually incompetent), a subsequent *Faretta* hearing was required. Thus, we need not address whether it would have been in different circumstances (such as where he was incompetent when he entered treatment but then was deemed competent later). The report's conclusions indicate that Phillips was competent at the time he was admitted to the facility and had never suffered from any mental disorders. Phillips chose to represent himself despite multiple warnings from the court regarding the dangers and pitfalls of self-representation; he cannot now attempt to establish cause based on an ineffective assistance of counsel claim.

In sum, we agree with the district court's conclusion that Phillips's claims are procedurally defaulted and that he has failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the default.

AFFIRMED.